IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAZARETH HOSPITAL and | : | CIVIL ACTION |
| ST. AGNES MEDICAL CENTER | : | |
| | : | No. 10-3513 |
| v. | : | |
| | : | |
| KATHLEEN SEBELIUS, Secretary | : | |
| Department of Health and Human Services | : | |

**<u>SUPPLEMENTAL MEMORANDUM</u>**

Ludwig, J.                                                                                                  August 7, 2012

  This memorandum supplements order of July 25, 2012 denying plaintiffs' motion (doc. no. 41) for amendment and clarification of the July 11, 2012 order and directing remand (doc. no. 40).  That order directed the parties to submit a joint statement setting forth their agreement, or explaining their disagreement, as to "plaintiffs' requests for 1) the agency's pertinent rule-making records and 2) the standard of review and duty to make findings, including, if necessary, plaintiffs' discovery rights, if any. . . ."  (July 25, 2012 order, doc. no. 44).

  This action is for judicial review of the decision of the Secretary of the Department of Health and Human Services (HHS) dated May 17, 2010 and issued by the Administrator of the Centers for Medicare and Medicaid Services (CMS), which affirmed the March 23, 2010 decision of the Provider Reimbursement Review Board (PRRB).  Jurisdiction is 42 U.S.C. § 1395oo(f)(1) for review, and federal question 28 U.S.C. § 1331.

1

On August 3, 2012 the parties filed a joint statement (doc. no. 45) but did not agree on any matter, even including the meaning of the order directing the joint statement. The government appeared to be particularly unwilling to do so, apparently relying on its perception of the narrowness of this court's scope of review.

Ordinarily, the scope of review on appeal from an administrative agency's decision is confined to the record below. NVE Inc. v. Dep't of Health & Human Servs., 436 F.3d 182, 190 (3d Cir. 2006) (citing Camp v. Pitts, 411 U.S. 138, 142 (1973) ("[i]n applying [the arbitrary and capricious] standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court")). The exception occurs when evidence is added to that record in which event the review becomes de novo. Id. ("Under 5 U.S.C. § 706(2)(F), a court may conduct a trial de novo to determine if administrative action is 'unwarranted by the facts.'").[1]

Here, the court's concerns are whether the agency's treatment of Section 1115 waivers as compared to Pennsylvania's state plan at the time in question was reasonable or, as plaintiffs contend, was arbitrary or capricious, and if it comported with principles of equal protection, or was constitutionally unfair.

---

[1] Our Court of Appeals explained:

"The Supreme Court . . . has limited 'trial de novo' review under the APA to two situations: (1) 'when the action is adjudicatory in nature and the agency factfinding procedures are inadequate,' and (2) 'when issues that were not before the agency are raised in a proceeding to enforce nonadjudicatory agency action.' Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402[, 415] . . . (1971)." NVE Inc., 436 F.3d at 189. The first situation exists here. Plaintiffs challenge both rulemaking and adjudicative actions, and the Secretary's adequate consideration of the issues presented by plaintiffs.

2

To decide those issues, it is necessary to determine whether the record below is itself sufficient – or requires additional evidence and, perhaps, discovery.  See NVE Inc., 436 F.3d at 195 ("a strong presumption against discovery . . . born out of the objective of preserving the integrity and independence of the administrative process") (citing Grant v. Shalala, 989 F.2d 1332, 1344 (3d Cir. 1993) ("[i]t has long been recognized that attempts to probe the thought and decision making processes of judges and administrators are generally improper")).  Cf. NVE Inc., 436 at 195-96 (noting discovery was permitted in Dopico v. Goldschmidt, 687 F.2d 644 (2d Cir. 1982) because "agency submitted an administrative record that lacked the fundamental documents that would have formed the very basis for the agency's decisions").  The reason for directing the parties to attempt to reach agreement was to reduce the potential number of appellate issues and to prompt the parties to engage in discussions that could lead to a settlement of this important case.

The transactional costs of continuing to pursue this case and the significance of the policy issues involved make settlement highly desirable from both a legal and societal standpoint.  Plaintiffs and the government should exert every reasonable effort to bring about resolution.

                                                    BY THE COURT:

                                                    /s/  Edmund V. Ludwig
                                                    Edmund V. Ludwig, J.