IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAZARETH HOSPITAL and | : | CIVIL ACTION |
| ST. AGNES MEDICAL CENTER | : | |
| | : | No. 10-3513 |
| v. | : | |
| | : | |
| KATHLEEN SEBELIUS, Secretary | : | |
| Department of Health and Human Services | : | |

**ORDER - MEMORANDUM**

Ludwig, J.                                                                                                                              August 9, 2012

AND NOW, this 9th day of August, 2012, the "Motion of Plaintiffs to Decide Plaintiffs' Motion to Amend and Clarify Order of July 12, 2012 . . . ." (doc. no. 48) is denied. See August 7, 2012 supplemental memorandum (doc. no. 47); see also July 25, 2012 order (doc. no. 44) and July 11, 2012 memorandum-order (doc. no. 40).

Plaintiffs' motion asks that the Secretary be ordered to "file the full and complete administrative record" including the rule-making records for the Interim Final Rule, 65 Fed. Reg. 3136 (Jan. 20, 2000) and Final Rule, 65 Fed. Reg. 47054 (Aug. 1, 2000). Pls. mot., doc. no. 48 at 2-3. The motion also requests that the Secretary be "limited on remand to further explain[ing] her reasoning . . . based on the already closed administrative record . . . ." Pls. br., doc. no. 48-1 at 2 (see also pls. mot., doc. no. 41 at 1; pls. br., doc. no. 41-1 at 1, 8). Plaintiffs: "the agency should not be afforded the opportunity at this stage to create new evidence, and . . . an 'evidentiary hearing' that is neither consistent with the Court's July 12,

1

2012 Order, nor procedurally proper,[1] is presently moving full steam ahead . . . ." Id. at 2 n.2. Further:

> It is hornbook administrative law that w[h]ere an agency has "failed adequately to address [a] concern" and the explanation of its reasoning is "not sufficient" to provide a basis for judicial review, the appropriate remedy is to remand 'to explain' itself further, not to conduct further evidentiary proceedings. See Cape Cod Hosp. v. Sebelius, 603 F.3d 203, 216 (D.C. Cir. 2011) . . . . If the agency's further explanation is insufficient to sustain its action, the Court must enter judgment for the plaintiff. Id.; [s]ee also Checkosky v. SEC, 23 F.3d 452, 491 (D.C. Cir. 1994) (noting that where an agency's decision is arbitrary and capricious, the Court is affirmatively obligated to hold it unlawful and set it aside under § 706(2)(A) of the APA).

Id. at 2-3 n.3 (citation omitted).

The motion also asks for a stay of "the ongoing 'evidentiary hearing' before the CMS Administrator pending judicial review of whether the January 2000 regulation is arbitrary and capricious or a violation of the equal protection clause based on the full and complete existing administrative record and any further explanation of her reasoning that the Secretary might supply based on that record." Pls. mot., doc. no. 48 at 3. If agency proceedings are

---

[1] Plaintiffs contend that the Secretary on remand has "opted to supplement the record with additional evidence in a manner that conflicts with her own adjudicative regulations." Pls. br., doc. no. 48-1 at 6 (citing 42 C.F.R. § 1875(f)(2)). Plaintiffs: "there are no independent 'evidentiary hearings' before the Administrator. Rather evidence is supposed to be produced . . . in adjudications before, or on a further remand to the PRRB, in which case CMS itself is not made a 'party' to the proceeding." Id. at 6 & n.8. Specifically, plaintiffs object to the Administrator inviting plaintiffs and Marc Hartstein, Director of CMS' Hospital & Ambulatory Policy Group, to respond and submit documentation in regard to the issues set forth in the July 11, 2012 remand order (doc. no. 40). July 18, 2012 letter, pls. mot., Ex. 1, doc. no. 41-2 at 2-3; pls. br., doc. no. 41-1 at 9. Plaintiffs complain that the Administrator has effectively made "the Secretary, through her CMS division, a 'party' to the new evidentiary hearing." Pls. br., doc. no. 48-1 at 6. They submit that if additional facts or issues are to be developed, the Administrator "must remand the case to the PRRB, where the parties can engage in discovery and submit facts on the record as part of an adjudicative proceeding." Id.

not stayed, the motion requests that the Secretary be ordered to "permit discovery against CMS to avoid the creation of a selective and biased record consisting of 'new evidence' that is within CMS' sole and exclusive control." Id.

The Secretary has 14 days within which to respond to the motion. See def. response to pls. motion to decide (doc. no. 50); def. individual statement, doc. no. 46 at 3.

Before the Secretary responds – and because remand was required by factual deficiencies in the record as to both parties' positions – it is appropriate for the agency to explain its views on the important questions presented here. "'[A] court is not to substitute its judgment for that of the agency' in an APA challenge." NVE Inc. v. Dep't of Health & Human Servs., 436 F.3d 182, 190 (3d Cir. 2006) (quoting Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)). "Only one provision of the APA permits a reviewing court to look beyond the administrative record," 5 U.S.C. § 706(2)(F). Id. at 189. As our Court of Appeals explained:

> "A court of appeals [or a district court] is generally not empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." INS v. Ventura, 537 U.S. 12, 16 . . . (2002) (per curiam) (citations and internal quotation marks omitted). "Rather, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Id. . . . .

Gallimore v. Attorney General of U.S., 619 F.3d 216, 229 (3d Cir. 2010).

> BY THE COURT:
>
> /s/  Edmund V. Ludwig
> Edmund V. Ludwig, J.

3